UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL TANNER,

                Plaintiff,                        C.A. No: 14-cv

v

GRAND RIVER NAVIGATION
COMPANY, INC., a foreign corporation,

                Defendant.

GEORGE T. FISHBACK (P29763)
Attorney for Plaintiff
2211 East Jefferson Avenue
Suite #200
Detroit, MI 48207-4160
(313) 965-3464
(313) 496-9414 - Direct Dial
(313) 965-4315 - FAX
gtfishback@sachswaldman.com

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff Michael Tanner, by and through his attorneys,

SACHS WALDMAN, Professional Corporation, and respectfully represents to

this Honorable Court as follows:

### COUNT I

1.    Plaintiff, Michael Tanner, is a resident of the City of Alpena,

Alpena County, State of Michigan.

2.     Defendant Grand River Navigation Company, Inc. (hereinafter "Grand River'),   is a foreign corporation, conducting continuous and systematic business in the State of Michigan.

3.     That jurisdiction is based upon the Jones Act, 46 USCA §688, et seq, the Admiralty and General Maritime jurisdiction of this Court, and an amount in controversy  in excess of Seventy-five thousand and no/100 ($75,000.00) Dollars, exclusive of costs, interest and attorney fees.

4.     That at all times relevant hereto, Plaintiff Michael Tanner was employed by Defendant Grand River, and served as a member of the crew of the self-unloading barge "Lewis J. Kuber," in the capacity of first mate, and thus enjoys "seaman's status" pursuant to applicable law; including, but not limited to 46 USC §688, et seq, as well as 28 USC §1916.

5.     That pursuant to "The Jones Act," 46 USCA §688, et seq, and to the general admiralty and maritime law, it became and was the duty of Defendant to provide a seaworthy vessel and furthermore it was the duty of Defendant to make and keep safe the vessel for those working in, on and around said vessel, and Plaintiff Michael Tanner, in particular.

6.     On or about November 14, 2011, the Lewis J. Kuber was  taking on a load at the Lafarge stone quarry and loading facility of Stoneport,

2

Michigan.

7.      That on the above date and location, Michael Tanner was required to manually assist in moving the Lewis J. Kuber along the dock, due to the malfunctioning and/or inoperable winches aboard the vessel, when he was injured as a result of the mooring lines being abruptly and violently jerked, without warning, thus causing injuries to his left arm, shoulder, neck, as is more fully set forth below.

8.      Defendant, by its agents, servants and employees, was then and there guilty of one or more of the following negligent acts and/or omissions including, but not limited to:

a)   failing to provide a vessel which was safe for those required to work on and around said vessel and to prevent against the unseaworthiness of said vessel;

b)   failing to discover, inform and warn those  required work on and around the barge, and Plaintiff, Michael Tanner, in particular, of the latent and/or patent defects and/or dangerous conditions then and there existing on said vessel;

c)   failing to correct such latent and/or patent defects and/or dangerous conditions which defendant knew, or in the exercise of reasonable care should have known, presented an unreasonable risk of injury to persons on the vessel;

d)     failure to provide winches that were in proper working condition and knowingly allowing mooring operations to continue without the use of winches;

e)     failing to hire careful, competent and knowledgeable employees to perform work who knew, or in the exercise of reasonable care should have known, how to properly handle mooring lines;

f)     failing to properly instruct and supervise the employees it did hire so that those required to work on said vessel would work without being placed in danger of injury;

g)     failing to properly monitor plaintiff's work activities and minimize, reduce or otherwise eliminate unnecessary exposure to recognized risks and hazards.

9.     As a direct result of such negligence, Plaintiff Michael Tanner sustained great physical pain and mental anguish and extreme shock to the nervous system, to-wit: severe and permanent injuries to his left arm, shoulder and neck, resulting in some periods of disability to date; and which are anticipated to result in additional disability in the future.

10.    As a further result of said occurrence and of said injuries, Michael Tanner has become liable for and required to expend large sums of money for the receipt of hospital, medical and surgical care and treatment and will continue to do so in the future; has suffered great physical pain and mental anguish and will do so in the future; has been rendered disabled and unable

4

to attend to his usual and ordinary affairs and will likely do so in the future; has suffered a loss of earnings and earning capacity and ability to work and will likely do so in the future.

**WHEREFORE,** Plaintiff Michael Tanner demands judgment in whatever amount to which he is found to be entitled, together with costs interest and attorney fees.

## COUNT II

For a Second Count herein, Plaintiff, by and through his aforesaid attorneys, respectfully represent to this Honorable Court as follows:

1-7.      Plaintiff repeats and realleges paragraph one (1) through seven (7) of Count I herein, inclusive, as if set forth more specifically herein paragraph by paragraph.

8.      Defendant, as the owner, maintainer, controller and/or operator of the M/V "Lewis J. Kuber," expressly and/or impliedly warranted that its vessel was reasonably seaworthy and was fit for the uses, purposes and misuses either intended, anticipated or reasonably foreseeable, in accordance with the provisions of the general admiralty and maritime law.

9.      That more specifically, Defendant expressly and impliedly warranted that the vessel was owned, maintained, controlled and/or operated

5

so as not to subject persons, such as Plaintiff Michael Tanner, who were working around and about said vessels to unreasonable risks of harm and injury and that said defendant breached its warranty as a shipowner to provide a seaworthy vessel reasonably fit for the purposes for which it was intended in accordance with general admiralty and maritime law.

10.    That as a direct and proximate result of the unseaworthiness of defendant's vessel, as more fully set forth in Count I, above, Plaintiff Michael Tanner sustained great physical pain and mental anguish and extreme shock to the nervous system, to-wit: severe and permanent injuries to his left arm, shoulder and neck, resulting in some periods of disability to date; and which are anticipated to result in additional disability in the future.

11.    As a further result of said occurrence and of said injuries, Michael Tanner has become liable for and required to expend large sums of money for the receipt of hospital, medical and surgical care and treatment and will continue to do so in the future; has suffered great physical pain and mental anguish and will do so in the future; has been rendered disabled and unable to attend to his usual and ordinary affairs and will likely do so in the future; has suffered a loss of earnings and earning capacity and ability to work and will likely do so in the future.

6

**WHEREFORE,** Plaintiff Michael Tanner demands judgment in whatever amount to which he is found to be entitled, together with costs interest and attorney fees.

## COUNT III

For a Third Count herein, Plaintiff, by and through his aforesaid attorneys, respectfully represent to this Honorable Court as follows:

1-11.  Plaintiff repeats and realleges paragraph one (1) through eleven (11) of Count I herein, inclusive, as if set forth more specifically herein paragraph by paragraph.

12.    Under Federal Admiralty Law, Defendant is burdened with a duty for the benefit of Plaintiff to provide "maintenance and cure" benefits for injuries Plaintiff sustained during the course of his employment.

13.     That certain cure benefits have not been paid and/or have not been paid in a timely fashion and that defendant has delayed and/or refused to provide and/or authorize necessary medical treatment, and it is anticipated that Defendant will do so in the future, whereby Plaintiff will suffer from a state of financial hardship, lack of necessary medical care and irreparable damage to his credit rating and reputation as a result of Defendant's wrongful, deliberate and willful and wanton acts and omissions and whereby Plaintiff

7

seeks the imposition and levy of compensatory and of punitive damages against the defendant.

**WHEREFORE**, Plaintiff demands judgment against the Defendant in whatever amount to which he is found to be entitled, together with exemplary and/or punitive damages, costs, interest and attorneys' fees.

Respectfully submitted,

SACHS WALDMAN, Professional Corporation,

BY:   */s/ George T. Fishback*
        GEORGE T. FISHBACK (P29763)
        Attorney for Plaintiff
        2211 East Jefferson Avenue
        Suite #200
        Detroit, MI 48207-4160
        (313) 965-3464
        (313) 496-9414 - Direct Dial
        (313) 965-4315 - FAX
        gtfishback@sachswaldman.com

Dated: September 8, 2014

8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL TANNER,

                    Plaintiff,                    C.A. No: 14-cv

v

GRAND RIVER NAVIGATION
COMPANY, INC., a foreign corporation,

                    Defendant.

GEORGE T. FISHBACK (P29763)
Attorney for Plaintiff
2211 East Jefferson Avenue
Suite #200
Detroit, MI 48207-4160
(313) 965-3464
(313) 496-9414 - Direct Dial
(313) 965-4315 - FAX
gtfishback@sachswaldman.com

## **DEMAND FOR JURY**

      NOW COMES Plaintiff, Michael Tanner, by and through his attorneys,

and hereby demands a trial by jury of the issues in the above-entitled cause

of action.

Respectfully submitted,

SACHS WALDMAN, Professional Corporation,

BY:   */s/ George T. Fishback*
        GEORGE T. FISHBACK (P29763)
        Attorney for Plaintiff
        2211 East Jefferson Avenue
        Suite #200
        Detroit, MI 48207-4160
        (313) 965-3464
        (313) 496-9414 - Direct Dial
        (313) 965-4315 - FAX
        gtfishback@sachswaldman.com

Dated: September 8, 2014

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL TANNER,

               Plaintiff,                    C.A. No: 14-cv

v

GRAND RIVER NAVIGATION
COMPANY, INC., a foreign corporation,

               Defendant.

GEORGE T. FISHBACK (P29763)
Attorney for Plaintiff
2211 East Jefferson Avenue
Suite #200
Detroit, MI 48207-4160
(313) 965-3464
(313) 496-9414 - Direct Dial
(313) 965-4315 - FAX
gtfishback@sachswaldman.com

## **WAIVER OF PREPAYMENT OF FEES AND COSTS**

       This matter is a suit for the enforcement of laws enacted for the health

and safety of seamen within the meaning of 28 USCA §1916, permitting the

filing of this case without prepayment of fees and/or costs or security therefor.

Respectfully submitted,

SACHS WALDMAN, Professional Corporation,

BY:   */s/ George T. Fishback*
      GEORGE T. FISHBACK (P29763)
      Attorney for Plaintiff
      2211 East Jefferson Avenue
      Suite #200
      Detroit, MI 48207-4160
      (313) 965-3464
      (313) 496-9414 - Direct Dial
      (313) 965-4315 - FAX
      gtfishback@sachswaldman.com

Dated: September 8, 2014