UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MICHAEL J. TANNER,

        Plaintiff,                               Case No. 14-cv-13478

v                                             Honorable Thomas L. Ludington

GRAND RIVER NAVIGATION COMPANY, Inc.

        Defendant.
_____/

**ORDER GRANTING MOTION FOR RELIEF FROM PARTIAL SUMMARY JUDGMENT AND REINSTATING PLAINTIFF'S CLAIM FOR FUTURE LOST EARNING CAPACITY**

Plaintiff initiated this admiralty law case by filing his complaint on September 8, 2014. ECF No. 1. In his complaint, Plaintiff alleges that Defendant Grand River is liable for an injury he sustained while serving as a first mate on the Olive L. Moore tug barge. Tanner brings three claims against Grand River: (1) breach of its duty to provide a seaworthy vessel in violation of the Jones Act, 46 U.S.C. § 688 *et seq*.; (2) breach of an express or implied warranty to provide a seaworthy vessel reasonably fit for the purpose in which it was intended; and (3) failure to pay past and future maintenance and cure benefits in a timely manner. *Id*.

On September 4, 2015 Defendant Grand River moved for partial summary judgment on four of Plaintiff's damages claims: (1) past lost wages; (2) future lost earning capacity; (3) past maintenance and cure; and (4) possible future maintenance and cure. Plaintiff stipulated that there was no evidence of past loss wages. Plaintiff also agreed that there was no issue regarding past maintenance and cure because his past medical expenses were covered by insurance, and agreed dismissal of that claim was appropriate as long as the dismissal was conditioned on Defendant's responsibility for any subrogation claims from health insurance carriers. Summary

judgment was granted as to Plaintiff's claim for possible future maintenance and cure because he had not yet undergone the recommended shoulder surgeries and thus his speculative damages were not sufficiently ascertainable. Finally, and relevantly, summary judgment was granted as to Plaintiff's future lost earning capacity claim because Plaintiff failed to meet his burden of showing probable impairment of his future earning capacity.

## I.

The jury trial is set to take place on October 18, 2016. On September 7, 2016 Plaintiff moved for relief from this Court's order granting Defendant's partial motion for summary judgment. *See* ECF No. 44. Plaintiff alleges that he should be allowed to proceed on a damages theory of lost future earning capacity under Federal Rule of Evidence 60(b)(2) and (6) due to changed circumstances. Specifically, he argues that Plaintiff Tanner has undergone shoulder surgery since this Court's previous order, and that there is therefore new evidence regarding impairment of his future earning capacity.

A claim for loss of future earning capacity under the Jones Act, 46 U.S.C. § 688, requires that the plaintiff "must establish the reduction, if any, in his earning capacity proximately resulting from the injury by showing the existence of some condition which demonstrably limits his opportunities for gainful activity." *Petition of United States Steel Corp. v. Lamp*, 436 F.2d 1256, 1270 (6th Cir. 1970) (citing *Wiles v. New York, Chicago, and St. Louis R.R. Co.*, 283 F.2d 328, 332 (3d Cir. 1960)). The limitation must be "probable." *See Taylor v. Consol. Rail Corp.*, 1997 WL 321142, \*3 (6th Cir. July 11, 1997). "The critical question is whether plaintiff has 'produced competent evidence suggesting that his injuries have narrowed the range of economic opportunities available to him'." *Gleason v. Am. S.S. Co.*, 1996 A.M.C.

2861, 2863, (E.D. Mich. May 3, 1996) (quoting *Gorniak v. Nat'l R.R. Passenger Corp.*, 889 F.2d 481, 484 (3d Cir. 1989)).

> This means that a plaintiff need not, as a prerequisite to recovery, prove that in the near future he will earn less money than he would have but for his injury. Rather, a plaintiff must show that his injury has caused a diminution in his ability to earn a living. Such a diminution includes a decreased ability to weather adverse economic circumstances, such as discharge, or lay-off, or to voluntarily leave the defendant employer for other employment.

*Gleason*, 1996 A.M.C. at 2863.

Defendant does not object to the relief sought by Plaintiff Tanner, but notes that it retains its right to challenge the cause of Plaintiff's impaired earning capacity. Defendant also requests that the Court limit the period in which Plaintiff may claim loss of earning capacity to the time Plaintiff reaches 59.5 years of age, or the age Tanner testified that he had planned to retire. In support of its argument that Plaintiff's impaired earning capacity damages should be capped, Defendant emphasizes Plaintiff's deposition, in which he testified as follows:

> Q: So you had just mentioned a little bit ago that you're trying to just make it to retirement; is that –
>
> A: My magic number was 59-1/2.
>
> Q: How old are you right now?
>
> A: Fifty-seven.
>
> Q: And how many years do you expect that you would like to work?
>
> A: It's not what I would expect to work, it's when I'm going to have health care, because after leaving the cement boats, I have no health care. That's the only reason I'm working right now. I mean I've been doing this since 1977.
>
> Q: Because you have medical benefits when you have a job?
>
> A: Well, yeah, that's a big thing right now, and that's what I'm asking. Who's going to pay for a surgery or four to six months of my time off, you know? The doctors all say, "You might get five years out of the shoulder." I don't want to sign up to have a surgery now to have one five years down the road again. I'm

- 3 -

> trying to make this -- I don't know if anybody understands it, but this is what I've been -- it's killing me. I just –
>
> Q: So let's say if you didn't have your shoulder pain, how long would you expect to work?
>
> A: My original plan was 59-1/2, when I could get my hands on my 401, I'm out of here, because I've seen too many people die on these damn boats.
>
> Q: And so –
>
> A: I don't want to be one of them.
>
> Q: So is your goal still 59-1/2?
>
> A: No.
>
> Q: What's your goal now?
>
> A: Whenever the Obamacare or Medicare, I can get Medicare, which is -- what? -- 62?
>
> Q: Yeah, I don't know the answer to that. So that's –
>
> A: Yeah, neither do I. It's going to change.
>
> Q: So it's a moving target right now?
>
> A: It's going to change, you know

*See* Tanner Dep. 48-50. Defendant argues that Plaintiff's future lost wages should be capped at 59.5, not 62, because Defendant has agreed to pay any maintenance and cure incurred by Plaintiff and because Plaintiff's surgeon testified that Plaintiff should expect to reach maximum medical improvement about a year after his surgery. Plaintiff responds that his future lost wages should not be limited at this time because they go to issues of causation and mitigation, which are questions of fact for the jury. Plaintiff also argues that maintenance and cure is no substitute for family health insurance, and that Dr. Vogel's statement about recover time is a general estimate and not specific to Plaintiff Tanner's individual course of recovery.

- 5 -

Plaintiff is correct that family medical coverage is a separate issue from maintenance and cure, and that Dr. Vogel's statement about recovery time is a broad estimate. Plaintiff is also correct that questions of causation and mitigation are normally questions of fact for the jury. Moreover, while Tanner has admitted that he only intends to work until a time at which he is able to obtain medical coverage, it is unclear what age he will be when that occurs. Accordingly, no age cap will be placed on Plaintiff's renewed claim for lost future earning capacity at this time. The issue may be revisited at trial.

## II.

Accordingly, it is **ORDERED** that Plaintiff Tanner's motion for relief from partial summary judgment, ECF No. 44, is **GRANTED.**

It is further **ORDERED** that Plaintiff Tanner's damages claim for lost future earning capacity is **REINSTATED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 22, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 22, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager